Leo S. Ward
David M. McLean
Daniel J. Auerbach
M. Christy S. McCann
BROWNING, KALECZYC, BERRY & HOVEN, P.C.
825 Great Northern Blvd., Suite 105
P.O. Box 1697
Helena, MT 59601
Telephone:  (406) 443-6820
Fax:         (406) 443-6883
leow@bkbh.com
dave@bkbh.com
daniel@bkbh.com
christy@bkbh.com

Attorneys for Benefis Health System, Inc

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| ROBERT VAN ORDEN,<br><br>            Plaintiff,<br><br>    v.<br><br>BENEFIS HEALTH SYSTEM, INC.,<br><br>            Defendant. | Case No.<br><br>**NOTICE OF REMOVAL** |
|---|---|

Defendant Benefis Health System, Inc. ("Benefis"), by and through counsel, hereby removes this action from the Montana Eighth Judicial District Court, Cascade County, Montana, to the United States District Court for the District of Montana, Great Falls Division, pursuant to 28 U.S.C. §§ 1441(b) and (c). In support thereof, Benefis states as follows:

1

1.  On or about March 7, 2011, a civil action entitled Robert <u>Van Orden v. Benefis Healthcare</u>, Cause Number CDV-11-0218, was filed in the Montana Eighth Judicial District Court, Cascade County, Montana. A copy of the Complaint is attached hereto as Exhibit 1.

2.  The Complaint alleges that "Benefis is required by contract and federal law to charge Tricare for services given to Tricare insureds and to accept the payment from Tricare at Tricare's reduced reimbursement rates." Ex. 1, at ¶ 1. The Complaint further alleges "Benefis has engaged in an unlawful course of conduct whereby it has systematically sought to obtain the largest possible payment for itself . . . . These actions violate federal and state law. . . ." Id. The Complaint further alleges "[t]he statutory and regulatory scheme which governs Tricare does not provide a basis for allowing a civilian healthcare provider such as Benefis to collect its treatment costs from a third party tortfeasor or its insurer or a beneficiary's UM or UIM insurer, either before or after submitting claims for payment to Tricare." Id., ¶ 13. The Complaint further alleges "Benefis's application of this policy[, the alleged practice of billing third party tortfeasor's liability insurance and Tricare beneficiaries' UM and UIM insurance for medical services provided to Tricare beneficiaries,] violates federal and state law, has deprived Tricare beneficiaries of desperately needed insurance coverage recoveries from third party insurers and their own insurers and has deprived Tricare

beneficiaries of their Tricare benefits and the benefits of being Tricare beneficiaries." *Id.*, ¶ 33. Plaintiff has asserted a claim for declaratory judgment, asking the court to declare "Benefis has programmatically breached its duties under state and federal law by . . . ." *Id.*, ¶ 36. Plaintiff alleges he is a third-party beneficiary of the contract between Benefis and TRICARE, and therefore, can bring a breach of contract claim against Benefis. *Id.*, ¶¶ 42-46.

3. Plaintiff also asserts a breach of contract claim on behalf of a purported class of individuals based on the same contract between Benefis and TRICARE. *Id.*

4. The contract between Benefis and TRICARE which forms the basis for some of Plaintiff's individual and class claims is governed by various federal laws and regulations, including without limitation, 10 U.S.C. chapter 55, 10 U.S.C. 1095b, and 32 C.F.R. part 199. These statutes further govern the coordination of benefits and obligation of third-party payers which directly relate to some or all of Plaintiff's claims.

5. Substantially all of Plaintiff's claims relate to Benefis' conduct in coordinating payment of claims with TRICARE, pursuant to Benefis' contract with TRICARE and applicable federal laws and regulations.

6. Plaintiff alleges Benefis' conduct pursuant to its contract with TRICARE violated federal law, and specifically cites 32 C.F.R. § 199.9(b). Ex. 1, ¶¶ 49, 57.

7. Adjudication of the claims in Plaintiff's Complaint therefore requires consideration and application of various federal laws and regulations. By relying upon the contract between Benefis and TRICARE and asserting violations of federal law, the Complaint puts at issue the application, scope and interpretation of that contract as well as applicable federal laws and regulations.

8. This Court has original jurisdiction over this action under 28 U.S.C. § 1331. In addition, to the extent that plaintiff raises any claims under state law jurisdiction would exist under 28 U.S.C. § 1367. Consequently, this action may be removed to this Court by Benefis under 28 U.S.C. §§ 1441(b) and (c) because Plaintiff's claims require application and interpretation of the laws and regulations of the United States, principally 10 U.S.C. chapter 55, 10 U.S.C. 1095b, and 32 C.F.R. part 199.

9. Under 28 U.S.C. § 1446(b), this Notice of Removal is timely because Benefis has filed this Notice within 30 days of its receipt of the Complaint.

10. Pursuant to 28 U.S.C. § 1446(a), Benefis has attached to this Notice of Removal copies of all process, pleadings, and orders received by it, the removing Defendant in this action.

11.     By filing this Notice of Removal, Benefis does not waive any defenses to the claims asserted by Plaintiff which may be available to it, or concede that Plaintiff has stated any claim upon which relief can be granted.

12.     Benefis further represents that this Notice of Removal will be served on Plaintiff as indicated on the attached Certificate of Service.

A copy of this Notice of Removal will be filed with the Montana Eighth Judicial District Court, Cascade County, Montana as required by 28 U.S.C. § 1446(d) and L.R. 3.2(a) (requiring notice to the state court within 7 days of filing notice of removal).

DATED this 22nd day of April, 2011.

                BROWNING, KALECZYC, BERRY & HOVEN, P.C.


                By  */s/ Daniel J. Auerbach*
                    Daniel J. Auerbach

                    Attorneys for Benefis Health System, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of April, 2011, a true copy of the foregoing was served:

Via ECF to the following parties:

Allen P. Lanning
Lanning, Harris & Conklin, P.C.
300 Central Avenue, Suite 400
P.O. Box 2049
Great Falls, MT 59403-2049


Mailed by first-class mail, postage prepaid to the following parties:

Cascade County
Clerk of Court
415 2nd Avenue North
Great Falls, MT 59401

                               */s/ Daniel J. Auerbach*
                               BROWNING, KALECZYC, BERRY & HOVEN, P.C.

ALLEN P. LANNING
LANNING, HARRIS & CONKLIN, P.C.
300 Central Avenue, Suite 400
P.O. Box 2049
Great Falls, MT 59403-2049
Telephone: (406) 727-9270
Facsimile: (406) 761-1406

*Attorneys for Robert Van Orden*

CLERK OF DISTRICT COURT
PAM WILLIAMS

2011 MAR -7 PM 4: 30

FILED

BY_____
        DEPUTY

MONTANA EIGHTH JUDICIAL DISTRICT COURT, CASCADE COUNTY

| ROBERT VAN ORDEN, | ) | Cause No. CDV-11-0218 |
|---|---|---|
| Plaintiff, | ) | Judge KENNETH R. NEILL |
| vs. | ) | |
| BENEFIS HEALTHCARE, | ) | **COMPLAINT** |
| | ) | **CLASS ACTION** |
| Defendant. | ) | **REQUEST FOR JURY TRIAL** |

COMES NOW Plaintiff, by and through his counsel of record, and for his Complaint against Defendant Benefis Healthcare ("Benefis"), alleges as follows:

**SUMMARY OF CASE**

1.   Benefis is required by contract and federal law to charge Tricare for services given to Tricare insureds and to accept the payment from Tricare at Tricare's reduced reimbursement rates. Some of Benefis's patients who are insured under Tricare and who have suffered injuries due to the fault of third parties also have claims under policies which provide coverage for payment of their damages, including medical expenses, such as third party liability policies and first party UM and UIM provisions. Benefis has engaged in an unlawful course of conduct whereby it has systematically sought to obtain the largest



possible payment for itself by either:

1. Refusing to bill Tricare for covered services and seeking payment at higher rates from these other insurance sources; or

2. Billing Tricare and collecting Tricare payments; then identifying, seeking and obtaining larger payments from these other insurance sources; and then returning the Tricare payments to Tricare.

These actions violate federal and state law, deprive the Tricare beneficiaries of the benefit of their contract and coverage, and wrongfully divert desperately needed insurance proceeds from injured people to Benefis, reducing its patients' insurance recoveries and preventing them from being made whole.

**PARTIES**

2. Robert Van Orden is a resident and citizen of Great Falls, Cascade County, Montana.

3. Benefis Healthcare is a Montana not-for-profit corporation with its principle place of business in Great Falls, Montana.

**JURISDICTION**

4. This Court has original jurisdiction over plaintiff's claim and the putative class action pursuant to Article VII, Section 4, Montana Constitution, and Rule 23, M.R.Civ.P.

5. Personal jurisdiction is proper over defendant, who is a Montana corporation and conducts business in the State of Montana.

6. Venue is proper in Cascade County because plaintiff is a resident of Cascade County, Defendant's principal place of business is in Cascade County, and all the pertinent facts as to plaintiff's claim and the claims of the putative class took place in Cascade County.

**FACTS**

**A.     The Relationship Between Benefis and Tricare.**

7.     Tricare is a federal health care program which replaces primary health care coverage for its beneficiaries, who are military service members and their family members.

8.     Benefis is a hospital in Great Falls, Montana.

9.     Upon information and belief, before May, 2009, Benefis was a participating provider with Tricare.

10.    In May, 2009, Benefis became a network provider with Tricare and signed an agreement with the Regional Tricare Contractor to provide care to Tricare beneficiaries at a negotiated rate.

11.    Network and participating providers are required to obtain payment from Tricare for medical services provided to Tricare members.

12.    Network and participating providers are forbidden from seeking or obtaining payment from Tricare members for medical services provided to Tricare members.

13.    The statutory and regulatory scheme which governs Tricare does not provide a basis for allowing a civilian healthcare provider such as Benefis to collect its treatment costs from a third party tortfeasor or its insurer or a beneficiary's UM or UIM insurer, either before or after submitting claims for payment to Tricare.

14.    It is the federal government which has the right of collection against such a tortfeasor or its insurer. 42 U.S.C. 2651-2653.

**B.     Robert Van Orden's Circumstances.**

15.    Robert Van Orden is married to a member of the United States Air Force stationed at Malmstrom Air Force Base in Cascade County, Montana.

16.    Robert Van Orden is a Tricare beneficiary.

- 3 -

17. Robert Van Orden was seriously injured on October 26, 2009, in Great Falls, Montana, when his vehicle was struck by a vehicle driven by James Webb.

18. Webb was insured by Unitrin, with bodily injury liability limits of $25,000.

19. Robert Van Orden received medical care from Benefis in October, 2009, and May, 2010, for his injuries suffered in the automobile accident.

20. Benefis never submitted a claim to Tricare for the medical expenses incurred in October, 2009, which totaled $569.81.

21. Benefis submitted a claim to Tricare for the medical expenses incurred in May, 2010, totaling $14,038.90.

22. Tricare issued payment to Benefis on July 19, 2010, for the May, 2010, medical expenses in the amount of $3,324.33, which is the rate it negotiated with Benefis.

23. Benefis accepted the Tricare payment.

24. After accepting the Tricare payment, Benefis filed a medical lien in the amount of $14,608.71, representing the total of the October 2009, and May, 2010, treatment expenses before reduction by Tricare, and sent a copy of that lien to Unitrin on August 31, 2010.

25. Tricare sent a letter to Unitrin on September 13, 2010 asserting its independent right of recovery against Unitrin for the amount of the payment it made to Benefis.

26. Even though liability was reasonably clear and Van Orden's damages clearly exceeded the available insurance coverage, Unitrin did not pay the bodily injury policy limits to Van Orden because of the Benefis lien.

27. Benefis advised Van Orden that it was seeking to collect the full amount of its bill from Unitrin and that if it did so, it would return Tricare's payment to Tricare.

28. Benefis was aware that Van Orden's injuries were serious and that the

- 4 -

insurance available from Unitrin and Van Orden's own underinsured motorist coverage would be insufficient to make him whole.

### C. Benefis Practice and Policy Violates Federal Law.

29. Based upon information provided by Tricare personnel and admissions made by Benefis personnel, Benefis has adopted a practice of billing third party tortfeasor's liability insurance and Tricare beneficiaries' UM and UIM insurance for medical services provided to Tricare beneficiaries.

30. In pursuit of this policy, Benefis has failed and refused to submit covered claims to Tricare and instead sought reimbursement at higher rates from such other insurers.

31. In pursuit of this policy, Benefis has filed covered claims with Tricare, accepted payment from Tricare at the lower rate, and then sought and received recovery for its services at the original rate from tortfeasor's insurers and its patients' own UM and UIM insurers, and then returned the Tricare payments to Tricare.

32. Based upon information provided by Tricare personnel and admissions made by Benefis personnel, this policy has been applied to the medical services expenses of many Tricare beneficiaries.

33. Benefis's application of this policy violates federal and state law, has deprived Tricare beneficiaries of desperately needed insurance coverage recoveries from third party insurers and their own insurers and has deprived Tricare beneficiaries of their Tricare benefits and the benefits of being Tricare beneficiaries.

### COUNT I:   DECLARATORY JUDGMENT

#### (Asserted on behalf of Plaintiff and the Putative Class)

34. Plaintiff brings this action pursuant to 27-8-101 et seq., M.C.A. and Rule 57, M.R.Civ.P., on his own behalf and on behalf of all others similarly situated, as interested

persons who are Tricare beneficiaries who have received medical treatment from Benefis.

35. An actual controversy exists as to the right of Plaintiff and all others similarly situated to receive the benefits of the Tricare program and other available insurance and Benefis's policy of ignoring such rights and filing medical liens under Montana's medical lien statute and wrongfully seizing other insurance proceeds which would be applied to compensate Plaintiff and others similarly situated to make them whole or reduce the amount of their loss.

36. Plaintiff seeks a declaration pursuant to 27-8-202, M.C.A., that Benefis has programmatically breached its duties under state and federal law by:

(1) refusing to submit covered claims to Tricare so that it could obtain payment at a higher rate from other insurance sources in claims involving tort liability;

(2) submitting claims, receiving payment from Tricare, and then filing liens and seeking and obtaining payment at a higher rate from other sources in claims involving tort liability, to the detriment of Tricare beneficiaries; and

(3) filing unauthorized and wrongful liens.

37. Plaintiff seeks supplemental relief pursuant to 27-8-313, M.C.A., in the form of damages, including punitive damages, suffered as a result of Benefis's violations of state federal law and improper handling of billing of medical services rendered to Tricare beneficiaries.

38. Plaintiff seeks supplemental relief pursuant to 27-8-313, M.C.A., in the form of specific relief requiring Benefis to return all payments obtained from liability and UM and UIM insurers in cases involving tort liability to the Tricare beneficiaries, and that Benefis be required to submit or resubmit all such claims to Tricare for payment.

39. Plaintiff seeks supplemental relief pursuant to 27-8-313, M.C.A., in the form of injunctive relief forbidding Benefis from engaging in such billing practices and lien filing

in the future in violation of state and federal statutes and the rights of Tricare beneficiaries.

40. Plaintiff seeks supplemental relief pursuant to 27-8-313, M.C.A., in the form of attorney fees incurred in prosecuting this action.

41. The supplemental relief sought in this action is necessary and proper under the circumstances of this case.

### COUNT II: BREACH OF CONTRACT

### (Asserted on behalf of Plaintiff and the Putative Class)

42. Plaintiff and all others similarly situated are Tricare beneficiaries who have received medical treatment from Benefis and are third party beneficiaries of Benefis's contract with Tricare's regional contractor.

43. Plaintiff and those similarly situated have a property interest in their cause of action against third parties and in insurance proceeds available from liability, UM, and UIM policies to pay damages awarded under that cause of action.

44. When Benefis collects payment from such insurers rather than from Tricare, Benefis is seeking and obtaining payment from Tricare insureds, in violation of its contract with the Tricare regional contractor. When Benefis collects such funds, it is depriving the Tricare beneficiaries of those monies, which would otherwise be paid to such injured individuals to compensate them for the injuries and damages suffered with respect to the tort claim.

45. Benefis, through the wrongful lien filing and other collection acts alleged above, has breached other provisions of its contract with the Tricare regional contractor.

46. Plaintiff and all others similarly situated have suffered damages as a result of the breaches of contract, including loss of the third party insurance proceeds, interest on such proceeds during the period of deprivation, and other damages.

## COUNT III: CONVERSION

### (Asserted on behalf of Plaintiff and the Putative Class)

47. By filing medical liens and wrongfully seeking and obtaining payment from insurers in tort claims of medical expenses incurred by Tricare beneficiaries, Benefis has converted to its own use funds belonging to plaintiff and all others similarly situated.

48. Plaintiff and all others similarly situated have been damaged by this conversion, in the amount of the wrongfully paid funds and interest thereon from the date of the wrongful payment, and in other ways.

49. Benefis acted with actual malice, as defined by 27-1-221(2), M.C.A., and abuse under 32 C.F.R. 199.9(b) in converting the funds of plaintiff and those similarly situated, who accordingly are entitled to recover punitive damages.

## COUNT IV: WRONGFUL LIEN

### (Asserted on behalf of Plaintiff and the Putative Class)

50. As set forth in the preceding paragraphs, the medical lien filed and served by Benefis against Unitrin is wrongful and invalid, as are any medical liens that have been filed with respect to other individuals similarly situated.

51. Plaintiff and those similarly situated have suffered damages and continue to suffer damages as a result of the wrongful liens.

52. Plaintiff and those similarly situated are entitled to an Order setting aside the wrongful liens and issuing an award of damages to Plaintiff and affected class members.

## COUNT V: TORTIOUS INTERFERENCE WITH CONTRACT

### (Asserted on behalf of Plaintiff and the Putative Class)

53. Plaintiff and all others similarly situated are third party beneficiaries of liability insurance contracts issued to the tortfeasors who harmed them and/or parties to

- 8 -

contracts with an insurer providing UM and/or UIM coverages.

54. By demanding and obtaining subrogation from the insurers issuing such insurance contracts, Benefis has interfered in those contracts and prevented plaintiff and all others similarly situated from recovering benefits due under those contracts.

55. Such interference was tortious and unjustified.

56. As a result of such tortious interference with contract, plaintiff and all others similarly situated have been damaged, in the amount of the wrongfully diverted funds and interest thereon from the date of the interference and in other ways.

57. Benefis acted with actual malice, as defined by 27-1-221(2), M.C.A., and abuse under 32 C.F.R. 199.9(b) in converting the funds of plaintiff and those similarly situated, who accordingly are entitled to recover punitive damages.

## CLASS ACTION ALLEGATIONS

58. Plaintiff brings this action on his own behalf and on behalf of all others similarly situated pursuant to Rule 23, M.R.Civ.P. Plaintiff seeks certification of a class under Rule 23, M.R.Civ.P.

59. <u>Class definition:</u>  The class is composed of all persons who

    1. are Tricare beneficiaries;

    2. were injured in an accident giving rise to a tort claim;

    3. received medical treatment from Benefis, and with respect to such treatment, Benefis, within the last eight years:

        a. refused to submit covered claims to Tricare so that it could obtain payment at a higher rate from other insurance sources; and/or

        b. submitted claims, received payment from Tricare, filed a lien and sought payment at a higher rate from other sources to the detriment of Tricare beneficiaries; and/or

- 9 -

c. filed an unauthorized and wrongful lien;

60. <u>Numerosity:</u> The class is comprised of multiple persons and is so numerous that joinder of all members is impracticable, as required by Rule 23(a)(1), M.R.Civ.P.

61. <u>Commonality:</u> There are questions of law and fact common to the class, as required by Rule 23(a)(2), M.R.Civ.P. These questions of law and fact include, without limitation, the following:

(a) whether the proposed class of Tricare beneficiaries is entitled to relief for Benefis's programmatic taking of third-party tort claim insurance before and/or after submitting claims to Tricare;

(b) whether Benefis violated Montana's lien statutes and federal law by filing liens against tort claim insurance funds in which Tricare beneficiaries had a property interest;

(c) whether Benefis violated 42 U.S.C. 2652(c) and Montana's made whole doctrine;

(d) whether Benefis has a duty to return to these beneficiaries tort claim insurance recoveries wrongfully taken.

(e) whether Benefis's actions breached their contract with the Tricare regional contractor;

(f) whether defendants' acts constituted a conversion;

(g) whether defendants' wrongful subrogation constituted a tortious interference in insurance contracts;

(h) whether the class is entitled to compensatory relief;

(i) whether the class is entitled to declaratory relief;

(j) whether the class is entitled to injunctive relief;

- 10 -

 (k) whether the class is entitled to punitive damages; and

 (l) whether the class is entitled to attorney fees and costs.

62. <u>Typicality:</u> The claims of Plaintiff as the representative party are typical of the claims of the class as required by Rule 23(a)(3), M.R.Civ.P.

63. <u>Adequacy:</u> Plaintiff will fairly and adequately represent and protect the interests of the class, as required by Rule 23(a)(4), M.R.Civ.P. He is similarly situated with members of the class and his interests align with the interest of the class members he seeks to represent. Plaintiff's counsel are competent and have experience in class action litigation.

64. <u>Appropriateness of Declaratory and Injunctive Relief:</u> Benefis has refused to act as required by Montana and United States law with respect to the billing practices relating to certain Tricare covered claims and its refusal is on grounds generally applicable to the class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the class as a whole, as required by Rule 23(b)(2), M.R.Civ.P.

65. <u>Predominance:</u> Common questions and fact and law predominate over individualized issues as required by Rule 23(b)(3), M.R.Civ.P. The facts surrounding defendants' third party billing and lien practices predominate because this case centers on such conduct. The class claims seek injunctive relief compelling the return of all wrongfully received third party insurance amounts, and compliance with federal and state law.

66. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, since resolution will correct injustices faced by all such Tricare beneficiaries and compel future compliance with law. The common issues make a class action the most efficient method for resolution of these claims.

## PRAYER FOR RELIEF

Wherefore Plaintiff, on behalf of himself and the putative class, prays that judgment be entered against Benefis for all the damages to which they are entitled under law as follows:

a. Declaratory Judgment that Benefis has programmatically breached its duties under state and federal law by:

(1) refusing to submit covered claims to Tricare so that it could obtain payment at a higher rate from other insurance sources in claims involving tort liability;

(2) submitting claims, receiving payment from Tricare, and then filing liens and seeking and obtaining payment at a higher rate from other sources in claims involving tort liability, to the detriment of Tricare beneficiaries; and

(3) filing unauthorized and wrongful liens.

b. Injunctive relief requiring Benefis to return all wrongfully obtained tort claim insurance proceeds to the class members, with interest thereon from the date of claiming and to submit or resubmit such claims for Tricare payment;

c. Injunctive relief prohibiting Benefis from engaging in such billing practices and lien filing in the future in violation of state and federal statutes and the rights of Tricare beneficiaries.

d. The setting aside of the wrongful medical liens;

e. Actual damages on all counts;

f. Punitive damages;

g. Costs and attorney fees; and

h. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all the issues in this action.

DATED this 7th day of March, 2011.

LANNING, HARRIS & CONKLIN, P.C.

By /s/ Allen P. Lanning
ALLEN P. LANNING
300 Central Avenue, Suite 400
P.O. Box 2049
Great Falls, MT 59463-2049
*Attorneys for Robert Van Orden*