ALLEN P. LANNING
Lanning, Harris & Conklin, PC
300 Central Avenue, Suite 400
P.O. Box 2049
Great Falls, MT 59403
Telephone: (406) 727-9270
Facsimile: (406) 761-1406

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ROBERT VAN ORDEN,<br>    Plaintiff,<br><br>vs.<br><br>BENEFIS HEALTH SYSTEM, INC.<br>    Defendant. | Cause No. CV-11-26-SEH<br><br>REPLY BRIEF IN SUPPORT OF<br>MOTION TO REMAND |

**1.     Benefis's Introduction Misrepresents Facts and the Gravamen of Van Orden's Complaint.**

In its introduction, Benefis makes assertions regarding the facts and the nature of Van Orden's claims and Benefis' defenses. Van Orden does not acquiesce in such misrepresentations, and offers the following clarification to keep a clear record and ensure that the Court is not misled by Benefis' characterizations.

1

Benefis has admitted that it billed Tricare for Van Orden's medical care and accepted payment from it at the lower Tricare rate, and then billed the automobile liability insurer of the tortfeasor who injured Van Orden at a higher rate, and filed a lien against that insurance policy. Van Orden's Complaint alleges that these acts are wrongful, and violate state and federal law.

In its defense, Benefis asserts that it only undertook these actions "after discovering Plaintiff may have defrauded both Benefis and Tricare concerning the existence of other insurance coverage". However, it is important for the Court to understand exactly what this alleged 'fraud' consists of. The facts are simple.

1.   When Van Orden was treated in the Benefis emergency room in October, 2009, he identified that he was a Tricare beneficiary. His wife provided Benefis with a card she received from the investigating officer which included the Unitrin liability policy information.

2.   Van Orden received bills for the ER treatment showing Unitrin as the insurer, and the treatment did not show up as paid on his Tricare summaries. He called Benefis and spoke to Sue Fine of the billing department, advising her to send the bills to Tricare for payment. He was trying to be helpful and get the bills paid, but she immediately and rudely accused him of trying to take advantage Benefis and repeatedly and aggressively asked him "Do you think that's fair?" He

didn't know what she was talking about. He did think that it was fair for Tricare to pay his medical bills. He was a Tricare beneficiary.

3. When Van Orden returned to Benefis for treatment in May, 2010, the admitting personnel merely asked him whether his insurance and other information were the same. He responded in the affirmative.

Thus, Benefis' claim that Van Orden didn't learn of the Unitrin policy during Van Orden's emergency room treatment is absolutely wrong, and disproved by its own billing statements dated October 29, 2009, three days after the accident. The so-called fraud was merely Van Orden trying to get his medical bills paid and requesting that they be submitted to his health care coverage provider, an act Benefis personnel apparently found offensive because it interfered with Benefis' unlawful policy of recovering payment from third party payors at full rates rather than the reduced Tricare rates that Tricare beneficiaries are entitled to by federal law.

But even if Benefis' misrepresentation were actually true, it would avail Benefis nothing. Benefis' actions either violated federal law or they didn't, regardless of when it learned about the existence of a third party payor. Van Orden contends that it is unlawful for Benefis to recover more than the Tricare approved amount *from any source* for care given to a Tricare beneficiary. Thus, the alleged fraudulent omission does not serve as a legal justification for Benefis' actions.

Benefis' assertions regarding the nature of Van Orden's claim are just as incorrect. Benefis claims that Van Orden seeks damages based on his own incomplete representations concerning the payment sources available to cover his medical expenses. But the Complaint establishes that Van Orden seeks damages resulting from Benefis' seeking greater payment than it was entitled to by law.

Benefis implies that Van Orden is greedily seeking double recovery of his medical expenses. Again, Benefis is wrong. Van Orden's claim is premised on the fact that there was insufficient liability and underinsured motorist coverage to make him whole, and that Benefis' attempt to collect more than it was entitled to deprived him of moneys otherwise available to cover his *other* damages. He wasn't seeking a double recovery of his medical expenses. Benefis' use of volatile words such as "defrauded" and "double-payment" are meant to divert attention from the fact that Benefis' unlawful acts prevented Van Orden from recovering any payment for any of his serious bodily injury damages for many months.

## 2. Van Orden's Other Claims Do Not Give Rise to Federal Question Jurisdiction.

In addition to the Declaratory Judgment claim, Van Orden's Complaint asserts Montana state law claims for breach of contract, conversion, wrongful lien, and tortuous interference with contract. Benefis asserts that these claims are all subject to federal question jurisdiction.

Van Orden respectfully disagrees, and suggests that the Court's recent consideration of this issue in the related action of *Conway v. Benefis, Cause No. CV-11-02-SEH (before remand)* applies to these state law claims, and that remand is appropriate.

Federal district courts have removal jurisdiction over any claim that could have been brought in federal court originally. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.ed.2d 318 (1987).*

A plaintiff is the master of his claim and may avoid federal jurisdiction by exclusive reliance upon state law. *Id.* Courts generally defer to the plaintiff's choice to plead state law claims. *Hall v. North American Van Lines, Inc., 467 F.3d 683, 687 (9th Cir. 2007)* (State law conversion and breach of contract claims do not implicate federal question jurisdiction); *Ramirez v. Butler, 319 F.Supp.2d 1034 (N.D.Calif. 2004)*(state law claims for conversion and violation of privacy do not raise federal question); *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149, n.10 (9th Cir. 2007)("Count I is a state law breach of contract claim and, accordingly, raises no federal questions whatsoever"). A limited exception to this

5

general rule applies in cases of federal preemption, which is not at issue in this action. *Hall, supra.*

The presence of underlying federal issues does not create jurisdiction over a well-pleaded state law claim. *Id.* Federal question jurisdiction is not met, even where some federal law may need to be analyzed for an adjudication of claim, where such questions of law are not essential elements of the causes of action alleged. *See Berg v. Leason, 32 F.3d 422, 424, (9th Cir. 1994)*(no federal question raised by state law malicious prosecution claim even though claim was based on underlying federal racketeering and securities laws violations pursued as criminal charges in federal court). In this case, to the extent that issues of federal law are involved in the resolution of the state law claims, the relation of those issues to the state law claims is the same as the relations of the federal issues in the *Berg* case, and they are insufficient to overcome Van Orden's mastery of his complaint or to establish federal question jurisdiction.

Under the clear precedent of the United States Supreme Court and the Ninth Circuit Court of Appeals, Van Orden's choice to bring ancillary claims under state law must be respected, and such claims do not give rise to federal question jurisdiction.

### 3. Since the State Law claims are jurisdictionally insufficient, they pose no bar to a discretionary remand under the Declaratory Judgment Act.

Benefis concedes that this Court has express statutory authority to decline to exercise jurisdiction under 28 U.S.C. 2201 of the Declaratory Judgment Act. But Benefis argues that because there are other claims filed with the declaratory judgment action, exercise of the Court's discretion is not proper, relying on *Snodgrass v. Provident Life and Acc. Ins. Co.*, 147 F.3d 1163, 1167 (9th Cir. 1998); *Goodman v. Unumprovident Corp*, 2006 WL 2354449 (D.Mont. 2006), and *Governmental Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998). However, these cases confirm that only when there is jurisdiction for the separate claims, does this rule apply. In *Snodgrass* and *Goodman*, the federal court retained jurisdiction over the other claims under its diversity jurisdiction rules. As set forth above, the state law claims in the instant action do not raise true federal question jurisdiction. Therefore, they are no impediment to remand on the basis of declination of jurisdiction under the federal declaratory judgment act.

In *Dizol*, the Ninth Circuit noted that this prohibition was a general rule, but not one that was conclusive and without exception. The rule does not mandate acceptance of jurisdiction, contrary to Benefis' argument. Indeed, other parts of the *Dizol* decision shed further light on the discretion of the district court:

> The *Brillhart* factors remain the philosophic touchstone for the district court. The district court should avoid needless determination of state

law issues; it should discourage litigants from filing declaratory actions as a means of forum shopping; and it should avoid duplicative litigation . . . . If there are parallel state court proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court.

*Dizol at 1225.* The concerns are judicial economy, respect for state court adjudications of state law issues, discouragement of forum shopping - including through removal, and avoidance of duplicative litigation. All of these factors support granting of the motion to remand in this case.

### 4. The Unique Interrelationship of this Action and the Conway Action is Substantial Grounds for Remand.

As this Court will recall, the *Conway v. Benefis* action asserts state law causes of action arising from Benefis' actions in accepting payment from Tricare at the discounted rate, and then demanding and receiving payment for the same medical treatment from a medical payments insurer at a higher rate. That case is now pending in Montana state court before Judge Neill. This case was also pending before Judge Neill before it was removed.

In *Conway*, the plaintiff has pled a class action based on contract law and seeks certification of a class containing three subclasses of plaintiffs:

1. Tricare beneficiaries like Conway, who are claiming the right to double recovery of medical bills under auto policy medical payments;

2.     Tricare beneficiaries like Van Orden, who were not made whole or whose receipt of auto liability, UM and/or UIM benefits was interfered with by Benefis' attempt to recover a greater amount than lawfully allowed under such coverages; and

3.     Individuals with private health insurance whose insurers may have independent agreements to pay reduced rates.

Van Orden, on the other hand, has filed a declaratory judgment action based on federal law relating to Tricare, and seeks certification of a class defined by Conway's subclass 2 only. Van Orden does not believe that he and those similarly situated are share sufficient questions of fact and law to be included in Conway's broad class. Van Orden has moved to intervene in Conway's action to oppose inclusion in Conway's proposed class certification, and the state district court will hear that motion on July 20, 2011.

If Van Orden's motion to intervene is granted, after briefing, argument, and consideration Judge Neill may exclude Van Orden's class from Conway's class, may order the cases joined, may permit Van Orden to pursue his substantially different federal claims separately, or appoint Van Orden as a co-class representative.

But given the overlapping class claims, the pending motion to intervene, and the fact that the same state district court judge would be presiding over both cases

upon remand, considerations of comity and efficiency and uniformity favor remand, and this Court should exercise its discretion to so order.

Respectfully submitted this 7th day of June, 2011.

/s/ Allen P. Lanning
ALLEN P. LANNING
Lanning, Harris & Conklin, PC
300 Central Avenue, Suite 400
P.O. Box 2049
Great Falls, MT 59403
Attorneys for Plaintiff,
Robert Van Orden

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(d)(2) of the Local Rules of the U.S. District Court for the District of Montana, I certify that the brief is printed with a proportionately spaced Times New Roman text typeface of 14 points, is double spaced, and the word count calculated by Microsoft Word is 1,934, excluding Caption, Certificate of Compliance and Certificate of Service (if required).